2006 ME 8

**STATE of Maine**

v.

**Ricky E. SOUCY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 24, 2005.
Decided: Jan. 30, 2006.

Evert N. Fowle, District Attorney, Paul Rucha, Asst. Dist. Atty., Augusta, for State.

Ronald W. Bourget, Esq., Bourget & Bourget, P.A., Augusta, for defendant.

Panel: SAUFLEY, C.J. and CLIFFORD, DANA, CALKINS, and SILVER, JJ.

CALKINS, J.

[¶ 1] Ricky E. Soucy appeals from the sentence imposed by the Superior Court (Kennebec County, *Mills, C.J.*), following his conviction by a jury of two counts of gross sexual assault (Class A), 17–A M.R.S.A. § 253(1)(B) (Supp.2005); and three counts of unlawful sexual contact (Class B), 17–A M.R.S.A. § 255(1)(C) (Supp.2002).[1] Soucy was granted leave to appeal his sentence pursuant to 15 M.R.S.A. § 2151 (2003). He contends that the court improperly considered evidence of uncharged prior conduct and that the sentence is excessive. We affirm the sentence.

---

1. Section 255 has since been repealed and replaced. *See* P.L.2001, ch. 383, § 22 (effective Jan. 31, 2003) (codified at 17–A M.R.S.A. § 255–A (Supp.2005)). Section 255 contained provisions elevating the offense of unlawful sexual contact from a Class D offense to one higher class when the victim was under fourteen years and the defendant was at least three years older. 17–A M.R.S.A. § 255(2) (Supp.2002). The statute also provided for elevation to a higher class when the act included penetration. *Id.* § 255(2), (3). Here the State alleged that Soucy was more than three years older than the victim, who was under age fourteen, and that the offenses included penetration, thereby making the offenses Class B.

[¶ 2] Soucy also appeals from the judgment of conviction on the two counts of gross sexual assault and the three counts of unlawful sexual contact. We affirm the convictions without discussion because Soucy's arguments have no merit.[2]

## I. BACKGROUND

[¶ 3] Soucy was charged by indictment with two counts of gross sexual assault and three counts of unlawful sexual contact, and the indictment characterized Soucy as a "dangerous sexual offender" based on a prior conviction of gross sexual misconduct,[3] to which Soucy stipulated at the start of trial.

[¶ 4] The following evidence was produced at trial. The victim is Soucy's daughter, who was thirteen at the time of trial in 2004. Soucy and the victim's mother divorced in 1995, and the victim visited Soucy at his house nearly every weekend and on holidays. When the victim was eight years old, she woke up with her hand inside Soucy's pants with no recollection of how her hand got there. The touching continued, first with Soucy placing the victim's hand on his penis and later with Soucy touching the victim's vagina. When the victim was about ten years old, Soucy subjected her to sexual intercourse. The incidents of sexual touching occurred over a hundred times, and Soucy had sexual intercourse with the victim at least five times. In 2003, the victim disclosed Soucy's behavior to her mother.

[¶ 5] Soucy was convicted of the two Class A gross sexual assault charges and the three Class B unlawful sexual contact charges. The sentencing hearing took place three months after the trial, and the court reviewed the presentence report, sentencing memoranda, and victim impact statements. At the start of the sentencing hearing the State made an offer of proof that a witness would testify that Soucy committed unlawful sexual contact on her when she was eight years old, although Soucy was never charged with that offense. The witness is the victim's half-sister, and she was Soucy's stepdaughter at the time the conduct was alleged to have occurred. Soucy objected to the offer of proof and argued that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), requires that evidence of uncharged criminal conduct be pleaded and proved to a jury before it may be used to enhance a sentence. The court overruled Soucy's objection and indicated that it would permit the State to call the witness to testify on the uncharged criminal conduct. Soucy instead agreed to the admission of the witness's unsworn statements and stated that he would not cross-examine her. The court indicated that it understood that Soucy had a continuing objection to the court's consideration of the uncharged criminal conduct.

[¶ 6] The State argued that the court had the authority under 17–A M.R.S.A. § 1252(4–B) (Supp.2005) to sentence Soucy to any term of years on the Class A offenses. The State recommended a basic sentence of thirty-five years and a maximum sentence of fifty years, with all but thirty years suspended and the imposition of a lengthy period of probation. The State highlighted Soucy's prior criminal convictions, the uncharged criminal conduct, and his refusal to acknowledge the

---

2. Contrary to Soucy's contentions, the evidence was sufficient to prove penetration, and the record does not demonstrate that the court rushed the jury to a verdict or that the prosecutor engaged in improper conduct.

3. Soucy was found guilty of one count of gross sexual misconduct (Class A) and three counts of unlawful sexual contact (Class C) in October 1986.

crimes against his daughter. Soucy, on the other hand, proposed a sentence of fifteen years, arguing that it was a substantial period of time for a man who was forty-five years old.

[¶ 7] In imposing the sentence, the court followed the three-step statutory sentencing process. 17–A M.R.S.A. § 1252–C (Supp.2005); *see State v. Hewey,* 622 A.2d 1151 (Me.1993). With regard to the first step in the analysis the court discussed the lengthy duration of the offenses, their repetitive nature, and the fact that the victim was Soucy's own daughter. The court concluded that a basic sentence for the Class A offenses was eighteen years and six years for the Class B offenses.

[¶ 8] With regard to the second step of the sentencing analysis, the court found as a mitigating factor that Soucy was gainfully employed and had served in the military. As to aggravating factors, the court included Soucy's 1986 conviction for gross sexual misconduct "under circumstances alarmingly similar" to the present case. The court noted that a relatively lenient sentence had been imposed for that conviction with probation and a condition of sex offender treatment. Other prior convictions included a theft offense and various motor vehicle offenses. In addition, Soucy had violated a probation condition. The court also spoke about the victim impact statements from both the victim and her mother, and the fact that the victim needs ongoing counseling. The court mentioned Soucy's conduct with the half-sister by stating: "So we have Mr. Soucy's involvement with the child in the [1986] case, when he was the live in boyfriend of the child's mother, then we have his involvement pursuant to the statements of [the half-sister], and then we have his conduct with regard to his own daughter."

[¶ 9] The court also discussed the prospect or possibility of rehabilitation for Soucy:

And finally, and not necessarily more importantly, but weighing heavily on my mind at this point is a consideration of protecting the public and the possibility of rehabilitation for Mr. Soucy. And in terms of the possibility of rehabilitation, I think I'm entitled to consider his testimony at trial. No one is punishing Mr. Soucy for putting the state to its proof, but once he chooses to take the witness stand and takes the oath to tell the truth, I'm entitled to consider his testimony with regard to his chances for rehabilitation. And put simply, his testimony blaming the victim, not being able to understand how he could have done any of these things, talking about never being in bed with [the victim] except when he was fully clothed and other aspects of this testimony simply were not credible. And the fact that he chooses to make no statement today, which is his right, but based on that, based on his testimony at trial, I don't think that I am out of line in finding that he has shown absolutely no remorse for his conduct with regard to his daughter.

And I think that plays particularly heavily—weighs particularly heavily on my mind in determining whether not only—in considering not only what he has done to his prior victims, but the potential for a repeat performance by Mr. Soucy.

[¶ 10] The court concluded that the aggravating factors outweighed the mitigating factors and that the maximum sentence on the Class A offenses is thirty-five years and eight years on the Class B offenses. Thereupon, the court imposed a sentence of incarceration of thirty-five years, suspending all but twenty years with six years of probation on the Class A

offenses, and concurrent sentences of eight years on two of the three Class B offenses. On the third Class B offense the court imposed a consecutive sentence of eight years, suspending all of it, and probation for four years. The court indicated that the purpose in making this last sentence consecutive was "to give maximum protection to the public and to other children who may find themselves a potential victim of Mr. Soucy's conduct that has now brought him to court on two occasions and potentially could have on another." The court imposed various conditions of probation.

## II. DISCUSSION

[¶ 11] Soucy argues that his sentence is illegal because the court considered the fact of uncharged conduct when it imposed the sentence and that his sentence is excessive. We review the legality of a sentence de novo. *See State v. Briggs*, 2003 ME 137, ¶ 4, 837 A.2d 113, 115–16 (reviewing the sentence de novo and stating that sentences may be reviewed on direct appeal for legality). We review the basic sentence de novo for misapplication of principle, *State v. Cookson*, 2003 ME 136, ¶ 38, 837 A.2d 101, 112, and the maximum sentence for abuse of discretion, *State v. Sweet*, 2000 ME 14, ¶ 15, 745 A.2d 368, 372–73.

[¶ 12] In support of his contention of illegality, Soucy cites *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, for the proposition that a court cannot impose a Class A sentence, pursuant to 17–A M.R.S.A. § 1252(2)(A) (Supp.2003),[4] in the twenty-to forty-year range because of facts that were neither pleaded nor proved beyond a reasonable doubt and because there was not a finding

beyond a reasonable doubt that the crime was among the most heinous and violent offenses committed against a person. *See State v. Schofield*, 2005 ME 82, ¶ 21, 2005 WL 1529678. However, we need not reach Soucy's contention that the sentence was illegal under section 1252(2)(A) because the record fairly establishes that his sentence was pursuant to 17–A M.R.S.A. § 1252(4–B). That subsection reads: "If the State pleads and proves that the defendant is a repeat sexual assault offender, the court, notwithstanding subsection 2, may set a definite period of imprisonment for any term of years." Soucy's indictment charged that he was a dangerous sexual offender and had been previously convicted of gross sexual misconduct in 1986. Soucy stipulated to his prior conviction and stated his understanding that this qualified him as a dangerous sexual offender. Thus, the prerequisite in section 1252(4–B) of pleading and proving that Soucy is a repeat sexual assault offender was met, and the court had the authority to sentence Soucy to any term of years.

[¶ 13] It is not material that the court did not specify that it was sentencing Soucy pursuant to section 1252(4–B). The court did not cite to any statutory provision when it imposed the sentence. The State specifically requested a sentence of fifty years and argued that section 1252(4–B) permitted such a term. Section 1252(2)(A), with its limit of forty years, would not have allowed a fifty-year sentence even with a jury finding of heinousness. In his argument to the court, Soucy's counsel recognized that a sentence under 1252(4–B) might be authorized in this instance, and he argued that the subsection should be used selectively and sparingly.

---

4. Section 1252(2)(A) was amended by P.L. 2003, ch. 657, § 10 (effective July 30, 2004) (codified at 17–A M.R.S.A. § 1252(2)(A) (Supp.2005)) to provide: "In the case of a Class A crime, the court shall set a definite period not to exceed 30 years."

[¶ 14] Because the court was requested to impose a sentence pursuant to section 1252(4–B) of any term of years and had the authority to do so, the sentence it imposed on Soucy was legal. A sentence of thirty-five years is "any term of years." The only fact that the State was required to prove for the application of section 1252(4–B) was the fact that Soucy is a "repeat sexual assault offender," a fact to which he admitted.

[¶ 15] The recent Sixth Amendment jurisprudence set forth in *Blakely* and *Schofield,* holds that a defendant is entitled to a trial by a fact-finder of the defendant's choice before a sentence can be enhanced pursuant to a sentencing scheme that requires certain facts to be proved for sentence enhancement. Because it was not necessary to prove additional facts before the court had the authority to sentence Soucy to any term of years, Soucy's Sixth Amendment rights were not violated.

[¶ 16] The uncharged conduct between Soucy and the victim's half-sister that the court considered when it imposed the sentence was not required for the application of section 1252(4–B). We have said that a court may consider uncharged conduct in sentencing provided that the information is factually reliable, and the court has discretion to determine the process for ensuring that the information is reliable. *State v. Dumont,* 507 A.2d 164, 166–67 (Me.1986). Here, the State offered to present the sworn testimony of the victim of the uncharged conduct and subject her to cross-examination. When Soucy waived the opportunity for the information to be provided in that format, the court was warranted in accepting the unsworn statements as factually reliable.

[¶ 17] The court appears to have considered the uncharged conduct only as confirmation of a pattern of conduct. The court was concerned about Soucy's prospect for reoffending, and it considered the uncharged conduct along with Soucy's 1986 conviction and his conduct with his own daughter. The striking similarity of all three courses of conduct was apparent.

[¶ 18] Soucy also argues that the sentence is excessive. He claims that the court set the basic sentence too high because the evidence demonstrated that he committed gross sexual assault on the victim no more than five times in three years. However, the court not only considered the frequency of Soucy's sexual contact with his daughter, which was almost every weekend, but the three-year duration of the offenses and the impact on the victim. The court also stated that Soucy "was in a position of trust and he was a person that [the victim] should have been able to count on in life as opposed to a person who put her through what we heard about during the trial." For all of the reasons listed by the court in arriving at the basic sentence, we cannot say that the court misapplied sentencing principles or that the basic sentence was excessive.[5]

[¶ 19] Soucy also argues that the maximum sentence was too high. Because Soucy was a repeat sexual offender, the sentencing court was particularly concerned with the possibility of his reoffending and wanted to make certain that other children would not be at risk. The court obviously designed the sentence to keep Soucy from having the ability to harm others for the next twenty years. When he is released from prison he will be in his

---

**5.** Neither the State nor Soucy presented statistics or other data either to the sentencing court or this Court on sentences imposed on other defendants for similar offenses. Thus, there is no comparative information to suggest that Soucy's sentence is unusually high.

sixties, and he will have to abide by the various conditions of his probation. Given the wide range of the sentencing court's discretion and the aggravating factors that it recited, we cannot conclude that it acted beyond its discretion.

The entry is:

Judgment affirmed.