STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-64

GEORGE GIOVANIS, executor of the
Estate of EVA GIOVANIS,

Plaintiff,

v.

**ORDER**

A-1 CAB SERVICE, LLC,

Defendant.

Plaintiff George A. Giovanis, administrator of the Estate of Eva Giovanis, brings this survivor action to recover for pain and suffering sustained by his late wife while she was being transported in vehicles owned and operated by A-1 Cab Service, LLC ("A-1 Cab"). The complaint further alleges the defendant's negligence was a substantial factor in causing her death and seeks damages under the Wrongful Death Act. Plaintiff moves to amend the complaint to add John D. Surran and Debra M. Surran, co-owners of A-1 Cab, as defendants.

Under Rule 15(a), leave to amend pleadings "shall be freely given when justice so requires." *M.R. Civ. P.* 15(a). Whether to allow a motion to amend "is left to the discretion of the trial court." *Bernier v. Merrill Air Eng'rs*, 2001 ME 17, ¶ 22, 770 A.2d 97. So long as the movant is not acting in bad faith or for the purpose of delay, motions to amend "will be granted in the absence of undue prejudice." *Mut. Fire Ins. Co. v. Richardson*, 640 A.2d 205, 207 (Me. 1994).

Defendant opposes the motion to amend on the grounds that the Surrans cannot be held personally liable and thus argues the motion to amend should be

1

denied as futile. *See Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me. 1994) (stating court has discretion to deny motion to amend where the amended claim would not survive a motion to dismiss). Defendant specifically argues that the plaintiff has failed to establish evidence the Surrans abused the corporate form to justify piercing the corporate veil or the Surrans committed wrongful acts in their individual capacities.

At this stage, the burden does not fall on plaintiff to produce evidence in support of its claims; rather, the court assumes the allegations contained in the complaint are true and admitted. *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted). The court views the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. To conclude a complaint fails to state a claim, the court must be satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310.

To bring claims against the Surrans in their individual capacities, the plaintiff need only allege they committed a wrongful act or omission in their individual capacity. Plaintiff does not have to allege facts that would justify piercing the corporate veil. *See Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 13, 901 A.2d 189 ("Corporate officers who participate in wrongful acts can be held liable for their individual acts, and such liability is distinct from piercing the corporate veil.") In the proposed amended complaint, the plaintiff alleges John Surran and Debra Surran were negligent in hiring, training, and equipping

2

employees and maintaining company standards for safety. The complaint further alleges that the Surrans failed to remedy safety lapses after receiving notice of the first incident in which Eva Giovanis was injured. (Am. Compl. ¶¶ 14-15.)

The amended complaint thus contains allegations that if proven, may be adequate to hold the Surrans personally liable. Because the amendment is not facially futile and the defendant does not oppose the amendment on any other basis, the motion to amend is granted.

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

The motion to amend the complaint to add John Surran and Debra Surran as defendants is hereby GRANTED.

SO ORDERED.

DATE: November 2, 2015

Wayne R. Douglas
Justice, Superior Court

3

CV-15-64

ATTORNEYS FOR PLAINTIFF:
BLAIR A JONES
RUDMAN & WINCHELL
PO BOX 1401
BANGOR ME  04402-1401

STEPHEN WADE
SKELTON TAINTOR & ABBOTT
95 MAIN STREET
AUBURN ME  04210

ATTORNEY FOR DEFENDANT:
FREDERICK J BADGER JR
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 2429
BANGOR ME  04402-2429

Z