STATE of Maine

v.

Betty Ann JOHNSON.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 2, 1995.

Decided Nov. 16, 1995.

Norman R. Croteau, District Attorney, Kevin Regan, Assistant District Attorney, Auburn, for State.

Emily A. Broadhead, Law Offices of James P. Howaniec, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Betty Ann Johnson appeals from the judgment entered in the Superior Court (Androscoggin County, *Marden, J.*) on her conviction of theft in violation of 17–A M.R.S.A. § 353 (1983). Johnson challenges that portion of her sentence that requires her to pay restitution in the amount of $1,200, contending that it will create an excessive financial hardship in violation of 17–A M.R.S.A. § 1325(2)(D) (1983 & Supp.1994). We vacate the restitution order.

■ Johnson received $1,210 in unemployment benefits from July through September 1993, even though she earned wages at her regular job throughout this period. In January 1995 Johnson pleaded guilty to theft. The court imposed a one-year suspended sentence and a two-year period of probation. As conditions of probation, Johnson was ordered to pay a fine of $150 plus a surcharge and assessment, and restitution to the State in the amount of $1,200. We will address the legality of a sentence on direct appeal only when the "alleged infirmity appears plainly on the face of the record." *State v. Cote,* 539 A.2d 628, 628 (Me.1988).

An order of restitution is authorized by 17–A M.R.S.A. § 1323 (Supp.1994). Section 1325 sets forth the criteria that a court must consider when it decides whether restitution is appropriate. We reject, however, the State's contention that *all* that is required is an inquiry by the trial court. Not only does section 1325(1)(C) provide that an offender's ability to pay must be considered, pursuant to section 1325(2)(D) restitution is not authorized when it will create an excessive financial hardship on the offender. We have consistently held that trial courts must make an express finding of an offender's ability to pay. *State v. Cloutier,* 646 A.2d 358, 360 (Me.1994); *State v. Webber,* 613 A.2d 375, 377–78 (Me.1992). For example, in *State v. Lemieux,* 600 A.2d 1099, 1102–03 (Me.1991), we stated that restitution could not be predicated on mere speculation of an ability to pay. We required instead that a restitution order "must reflect consideration of an offender's present financial circumstances and his realistic earning potential." *Id.* at 1103.

In the instant case, the court did not make the required finding that Johnson had the ability to pay restitution. Indeed, the court's colloquy with Johnson suggests that the court did not expect her to be able to pay it all. Rather, she was encouraged to make her best effort consistent with her living requirements and her ability. Essentially, the court imposed the kind of symbolic restitution order that we have rejected. *Id.*

■ Neither Johnson's current income nor her realistic earning potential leave any room for the payment of restitution. Any payment toward her debt that Johnson might be able to make would have created an excessive financial hardship. Restitution should not be sought nor ordered when any payment toward the debt would deprive the offender of food, housing, or medical care. Because the record shows that all of Johnson's income is required for those basic necessities, she should not have been ordered to pay restitution.

The entry is:

Judgment modified by vacating the restitution order, and, as so modified, affirmed.

All concurring.