2010 ME 8

**STATE of Maine**

v.

**James F. SCHMIDT.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2010.

Decided: Feb. 9, 2010.

Jeffrey C. Toothaker, Esq. (orally), Toothaker & Chong, Ellsworth, ME, for James Schmidt.

Michael E. Povich, District Attorney, Ellsworth, ME, Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, and JABAR, JJ.

PER CURIAM.

[¶ 1] James F. Schmidt appeals (1) the denial of his motion for a new trial, and (2) the sentence imposed by the Superior Court (Washington County, *Wheeler, J.*). The matter was before the court following our remand for resentencing on two counts of theft by unauthorized taking or transfer (Class B), 17-A M.R.S. § 353(1)(A), (B)(1) (2009); one count of theft by misapplication of property (Class B), 17-A M.R.S. § 358(1)(A), (B)(1) (2009); and one count of negotiating a worthless instrument (Class C), 17-A M.R.S. § 708(1)(A), (B)(2) (2009).[1]

[¶ 2] On remand, Schmidt was sentenced to serve eight years on the Class B convictions and four years on the Class C conviction, all sentences to be concurrent. He was ordered to pay up to $59,000 in restitution at a rate of $100 per month, beginning when Schmidt was released from incarceration. In sentencing arguments, Schmidt had suggested the $59,000 figure. The court ordered an accounting of funds received from the sale of the building involved in the transactions that led to the convictions and gave Schmidt leave to seek reduction in the amount of restitution after the accounting.

■■■ [¶ 3] Contrary to Schmidt's first argument on appeal, the court did not clearly err in denying his motion for a new trial based on newly discovered evidence, because his proposed expert testimony that the amount of the theft did not exceed the $10,000 threshold for Class B theft could have been presented in the first trial. *See State v. Ardolino,* 1999 ME 14, ¶ 8, 723 A.2d 870, 873; *see also State v. Schmidt (Schmidt I),* 2008 ME 151, ¶¶ 21, 27–28, 30, 957 A.2d 80, 86, 88–89 (concluding that the evidence for each count remanded for resentencing was sufficient to uphold the jury's verdict).

[¶ 4] Schmidt also contends that the sentence imposed was a violation of law, his time of incarceration was excessive, and the amount of restitution ordered exceeded the losses caused by his crimes. He further asserts that his sentence was imposed without regard to the so-called *Hewey* analysis for sentencing propriety specified by 17-A M.R.S. § 1252–C (2009). *See State v. Hewey,* 622 A.2d 1151, 1154–55 (Me.1993).

■■■ [¶ 5] A sentence of any length may be appealed directly as a matter of right when the defendant claims that the sentence is illegal, imposed in an illegal manner, or beyond the jurisdiction of the court, and the illegality appears plainly in the record. *State v. Grindle,* 2008 ME 38,

---

1. The case history is stated in *State v. Schmidt (Schmidt I),* 2008 ME 151, 957 A.2d 80, and is not repeated here. In *Schmidt I,* we vacated convictions on six counts of theft by unauthorized taking or transfer (Class C), 17-A M.R.S. § 353(1)(A), (B)(4) (2009), because there was insufficient evidence "to support a finding that Schmidt ever exercised unauthorized control ... over money that was the property of the six named victims." *Id.* ¶ 23, 957 A.2d at 87. We affirmed the judgment for the remaining four counts, and remanded for resentencing. *Id.* ¶¶ 21, 27–28, 30, 957 A.2d at 86, 88–89. The thefts all arose out of a common scheme that was the focus of the remaining convictions. *Id.* ¶ 6, 957 A.2d at 83.

¶ 13, 942 A.2d 673, 677; *State v. Hodgkins,* 2003 ME 57, ¶ 5 n. 3, 822 A.2d 1187, 1190–91; *State v. Ricker,* 2001 ME 76, ¶ 18, 770 A.2d 1021, 1026–27. However, on direct appeal, we review only the legality, not the propriety, of a sentence. *Hodgkins,* 2003 ME 57, ¶ 5 n. 3, 822 A.2d at 1190; *State v. Mahan,* 1998 ME 143, ¶ 1 n. 3, 711 A.2d 1314, 1315. Here, the record from the sentencing court does not include, separate from the notice of appeal, any application for leave to appeal the sentence pursuant to M.R.App. P. 20(a)(1).

[¶ 6] The record here does not indicate that the sentence imposed was illegal or imposed in an illegal manner, *see State v. Soucy,* 2006 ME 8, ¶ 11, 890 A.2d 719, 723: the sentences of incarceration were within the range authorized by law; Schmidt himself originally suggested the $59,000 amount of restitution ordered; restitution "up to" a specified amount may be ordered, *see State v. Bouchard,* 2005 ME 106, ¶ 22, 881 A.2d 1130, 1136–37; and Schmidt failed to demonstrate his incapacity, when released, to pay $100 monthly restitution, *see* 17–A M.R.S. § 1325(4) (2009). Thus, no illegality is indicated in the sentence imposed by the court.

[¶ 7] We do not review Schmidt's claims of impropriety in sentencing.[2] Following a timely application for leave to appeal sentence, such claims must first be considered by our Sentence Review Panel, pursuant to M.R.App. P. 20. We consider a challenge to the propriety of a sentence only when the Sentence Review Panel, after review of the sentencing record, first grants the application to allow an appeal of sentence. *See* M.R.App. P. 20(g). As the Advisory Notes to Rule 20 state:

> If an individual is convicted and that individual wishes to appeal both the con-

viction and the sentence then: (1) to appeal the conviction, a notice of appeal must be filed in accordance with M.R.App. P. 2(b)(2)(A); and (2) to appeal the sentence, the application to allow an appeal of sentence must be filed under M.R.App. P. 20. A discretionary sentence appeal is not automatically considered as part of an appeal of a conviction. The Law Court must still engage in its discretionary choice as to whether [to] allow [ ] a sentence appeal.

M.R.App. P. 20 Advisory Note, Oct. 15, 2001.

[¶ 8] Because no separate application to allow an appeal of sentence was filed, and, consequently, there has been no recommendation from the Sentence Review Panel to place the appeal properly before us, the part of the appeal that challenges the propriety of the sentence must be dismissed.

The entry is:

Appeal of the propriety of the sentence is dismissed. In all other respects, judgment affirmed.

---

**2.** Nor does it appear that any review of the propriety of the sentence could be successful, considering the serious nature of Schmidt's crimes and the violation of public trust involved, his past participation in significant fraudulent transactions in two other states, and his suggestion of the $59,000 restitution figure.