MAINE SUPREME JUDICIAL COURT                                        Reporter of Decisions
Decision:      2016 ME 69
Docket:        Cum-15-308
Argued:        March 2, 2016
Decided:       May 10, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

STATE OF MAINE

v.

MICHAELA C. DAVENPORT

SAUFLEY, C.J.

[¶1]   Michaela C. Davenport appeals from a judgment, entered in the Unified Criminal Docket (Cumberland County, *Brodrick, J.*), in which the court ordered her to pay restitution of $15,224[1] to the Department of Health and Human Services after she pleaded guilty to crimes arising from her wrongful procurement of public benefits through material misrepresentations.   In this direct appeal, Davenport challenges the court's finding that she had not proved an incapacity to pay restitution.   We dismiss the appeal because Davenport's appeal does not raise any illegality that is apparent on the face of the record.   *See State v. Winslow*, 2007 ME 124, ¶ 27, 930 A.2d 1080.

---

[1]   The amount of restitution was mistakenly reported as $15,244 in the judgment and commitment form and in the docket entries.

## I. BACKGROUND

[¶2] After being charged by indictment in January 2015, Davenport pleaded guilty on May 29, 2015, to theft by deception (Class B), 17-A M.R.S. § 354(1)(B)(1) (2015), and aggravated forgery (Class B), 17-A M.R.S. § 702(1)(D), (2) (2015), pursuant to an agreement that she reached with the State.[2] She had received benefits through the Department of Health and Human Services beginning in 2009 based on the false representation that her daughter, then a minor, was living with her.

[¶3] By agreement, Davenport was sentenced to two years in prison with all but four months suspended and two years of probation. The parties left the issue of restitution open for argument to the court because of a question about whether an order of restitution would "create[] an excessive financial hardship" for Davenport based on "all relevant factors," including but not limited to her "present income and potential future earning capacity." 17-A M.R.S. § 1325(2)(D) (2015).

[¶4] Davenport was not employed at the time of sentencing. When the court decided whether to order restitution, it had information before it regarding Davenport's sources of income, her recent success in earning a psychology degree from Kaplan University, her living situation with a significant other, her history of

---

[2] As part of the plea agreement, a third charge of unsworn falsification (Class D), 17-A M.R.S. § 453(1)(B)(2), (2) (2015), was dismissed.

disability arising from depression and other mental health issues, and her expenses. In the affidavit that Davenport submitted in support of her motion for the appointment of counsel, she reported that she was paying $124 per month for cable and $100 per month for a mobile phone.

[¶5]  Over Davenport's opposition, the court required her to pay restitution of $15,224 to the Department of Health and Human Services.  The court found that, because she had the capacity to earn her degree, Davenport should be able to pay the restitution in the future.  In recognition of her current circumstances, however, the court allowed for her to begin paying the restitution at a rate of only twenty-five dollars per month.

[¶6]  Davenport brought a direct appeal from the court's restitution sentence, *see* 15 M.R.S. § 2115 (2015); M.R. App. P. 2, and did not apply to us for sentence review, *see* 15 M.R.S. § 2151 (2015); M.R. App. P. 20.

## II.  DISCUSSION

[¶7]   In this opinion, we (A) consider the distinctions between a direct appeal of a sentence and a discretionary appeal pursued through an application for sentence review, (B) examine the restitution statute to determine the proper scope of an offender's direct appeal from a determination of the capacity to pay, and (C) evaluate whether Davenport's arguments are properly considered in a direct appeal.

4

A.    Direct and Discretionary Appeals of Sentences

[¶8]  On direct appeal, we will vacate a sentence only when it "is illegal and
. . . the illegality appears on the face of the record." *Winslow*, 2007 ME 124, ¶ 27,
930 A.2d 1080.  We do not review the *propriety* of a sentence on direct appeal.
*State v. Grindle*, 2008 ME 38, ¶ 13, 942 A.2d 673.  Rather, to obtain review of the
propriety of a sentence, it is necessary to apply for sentence review, with an appeal
following only if the Sentence Review Panel authorizes the appeal in its discretion.
*See* 15 M.R.S. § 2151; M.R. App. P. 20.

[¶9]   Thus, although a direct appeal may be proper if a constitutional or
statutory violation is apparent from the record, *see, e.g.*, *Grindle*, 2008 ME 38,
¶ 14, 942 A.2d 673; *State v. Bennett*, 2015 ME 46, ¶ 13, 114 A.3d 994; *State v.
Ward*, 2011 ME 74, ¶¶ 14, 28, 21 A.3d 1033, a direct appeal that does not argue
any illegality, but instead challenges only the court's findings or discretionary
determinations, will be dismissed, *see, e.g.*, *State v. Schmidt*, 2010 ME 8, ¶¶ 4, 7-8,
988 A.2d 975 (per curiam).

B.    Determination of the Capacity to Pay

[¶10]  Until 1997, the restitution statute did not identify who bore the burden
of proving whether an offender had the capacity to pay restitution.  *See*
17-A M.R.S.A. § 1325 (1983 & Supp. 1987).  In applying the statute as it then
existed, we vacated a restitution sentence when the State had "made no showing

that [the offender] had the means with which to pay restitution," *State v. Lemieux*, 600 A.2d 1099, 1103 (Me. 1991), and we later interpreted the statute to require a court to "make an express finding of an offender's ability to pay" when ordering the payment of restitution, *State v. Johnson*, 667 A.2d 110, 111 (Me. 1995).[3]

[¶11]  Effective on September 19, 1997, however, the Legislature specified, "An offender who asserts a present or future incapacity to pay restitution has the burden of proving the incapacity by a preponderance of the evidence." 17-A M.R.S. § 1325(4) (2015); *see* P.L. 1997, ch. 413, § 3 (effective Sept. 19, 1997) (codified at 17-A M.R.S. § 1325(4)).  The summary for the legislation that enacted subsection 4 expressly stated the purpose of the amendment to "specif[y] that the burden lies on the offender to prove an incapacity to pay restitution." Comm. Amend. A to L.D. 882, No. S-305, Summary (118th Legis. 1997). Because the court is also required to consider the offender's *future* capacity to pay, the court will necessarily consider in its decision-making the offender's *future* prospects for obtaining income—through employment or otherwise—even if such sources of income are not yet established.  *See* 17-A M.R.S. § 1325(4).

---

[3]  Because the jail sentence in *State v. Johnson* was fully suspended and the only significant condition of probation was the restitution payment, the result of our decision was a two-year period of probation with no conditions except the payment of a small fine, with a surcharge and assessment.  667 A.2d 110, 111 (Me. 1995).

6

[¶12]  In addition to establishing the offender's burden at sentencing, the Legislature supplied the burden that applies on appeal: "On appeal of a restitution order, the offender has the burden of demonstrating that the incapacity was proven as a matter of law."  17-A M.R.S. § 1325(4) (enacted by P.L. 1997, ch. 413, § 3). Neither the statute nor its legislative history explains how an offender meets the identified burden of demonstrating on appeal that "incapacity was proven as a matter of law." *Id.*

[¶13]  We therefore clarify that if the offender, as the party with the burden of proof, challenges a factual determination of a capacity to pay restitution, the offender must show that "the record compels a contrary conclusion." *State v. Murphy*, 2015 ME 62, ¶ 24, 124 A.3d 647 (quotation marks omitted).  Such a challenge may be raised only through an application for sentence review,[4] which is statutorily required before we can determine whether to review the propriety of a sentence.  *See* 15 M.R.S. § 2151; 17-A M.R.S. § 1325(4); M.R. App. P. 20; *Schmidt*, 2010 ME 8, ¶ 8, 988 A.2d 975.  Similarly, any appeal from a discretionary decision made in determining the amount of the restitution award

---

[4]  An offender may apply for sentence review, including review of restitution, only "[i]n cases arising in the District Court or the Superior Court in which a defendant has been convicted of a criminal offense and sentenced to a term of imprisonment of one year or more."  15 M.R.S. § 2151 (2015); *see also id.* § 2151(3); 17-A M.R.S. § 1330-A (2015) (further limiting the scope of sentence review of a restitution order if the defendant consented to the amount of restitution and the ordered restitution did not exceed that amount).

would proceed only upon a successful application for sentence review. *See* 15 M.R.S. § 2151; 17-A M.R.S. § 1325(4); M.R. App. P. 20; *see also Bennett*, 2015 ME 46, ¶ 11, 114 A.3d 994 (stating that claimed abuses of discretion in the sentencing process can be reviewed only if we grant leave to appeal from the sentence).

[¶14]    When an offender instead challenges a legal conclusion or interpretation related to restitution through a direct appeal, the appellate burden of "demonstrating that the incapacity was proven as a matter of law," 17-A M.R.S. § 1325(4), may be satisfied by demonstrating that the record on its face shows that the court committed a *legal* error in determining that the offender had the capacity to pay. *See Bennett*, 2015 ME 46, ¶¶ 11, 13, 114 A.3d 994; *Ward*, 2011 ME 74, ¶¶ 14, 28, 21 A.3d 1033; *Grindle*, 2008 ME 38, ¶ 14, 942 A.2d 673. Thus, in a direct appeal we cannot consider a challenge to the court's findings or discretionary rulings but are instead limited to considering arguments raising a legal error, such as a jurisdictional defect or a misapprehension of the law, that is apparent in the record.[5]

---

[5] To the extent that we implied that such factual challenges could be considered in a direct appeal, *see State v. Peck*, 2014 ME 74, ¶¶ 6, 15-17, 93 A.3d 256, we now clarify that a challenge to the factual finding of an offender's capacity to pay will not be considered on direct appeal.

8

C.    Davenport's Appeal

[¶15]   Davenport argues that the court relied on speculation in finding that she could obtain employment and that the court should have found that certain facts demonstrated her incapacity to pay restitution.  Davenport's argument that the court relied on speculation in violation of the holding announced in 1991 in *Lemieux*, 600 A.2d at 1102-03, fails to account for the changes in the restitution statute.  Specifically, the offender now has an affirmative burden at sentencing to establish an incapacity to pay, now and in the future, and bears a corresponding burden on a sentence appeal to show that the record compelled a finding of incapacity to pay.  *See* 17-A M.R.S. § 1325(4); *Murphy*, 2015 ME 62, ¶ 24, 124 A.3d 647.

[¶16]   More important to our decision in this direct appeal, however, Davenport has asserted no violation of the state or federal constitution, a statute, a court rule, or the common law; instead she has challenged only the factual finding that she failed to prove, by a preponderance of the evidence, that she was incapable of paying restitution.  *See* 17-A M.R.S. § 1325(4).  Her appeal is similar to another appeal that we dismissed when the record showed that the challenged sentences "were within the range authorized by law; [the offender] himself originally suggested the $59,000 amount of restitution ordered; restitution up to a specified amount may be ordered; and [the offender] failed to demonstrate his incapacity,

when released, to pay $100 monthly restitution." *Schmidt*, 2010 ME 8, ¶¶ 6-8, 988 A.2d 975 (citation omitted) (quotation marks omitted).

[¶17]   Ultimately, Davenport does not challenge the *legality* of the restitution order.  *Cf. Bennett*, 2015 ME 46, ¶ 28, 114 A.3d 994; *State v. Witmer*, 2011 ME 7, ¶¶ 19-30, 10 A.3d 728.  Despite her payment of $224 per month for a mobile phone and cable, she now argues that the court erred in determining that she failed to prove that she could *not* pay the full amount of restitution, currently at a rate of twenty-five dollars per month.  Put another way, she presents a question of whether the record compels a finding that she is incapable of paying restitution. *See Murphy*, 2015 ME 62, ¶ 24, 124 A.3d 647.  This factual question cannot be resolved in a direct appeal of a sentence.

[¶18]  By arguing that the evidence does not support the court's order of restitution, *see* 17-A M.R.S. § 1325(1)(C), (2)(D)(4) (2015), Davenport challenges only the propriety—not the legality—of the sentence of restitution.  We must therefore dismiss her direct appeal for failure to raise any illegality that is apparent on the face of the record.  *See* 15 M.R.S. §§ 2115, 2151; 17-A M.R.S. § 1325(4); *Grindle*, 2008 ME 38, ¶ 13, 942 A.2d 673.

The entry is:

Appeal dismissed.

**On the briefs:**

Robert C. LeBrasseur, Esq., Portland, for appellant Michaela C. Davenport

Janet T. Mills, Attorney General, and Darcy Mitchell, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine


**At oral argument:**

Tina Heather Nadeau, Esq., The Law Office of Tina Heather Nadeau, Portland, for appellant Michaela C. Davenport

Valerie Wright, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2015-294