MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 70
Docket:       Ken-15-266
Argued:       March 2, 2016
Decided:      May 10, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HUMPHREY, JJ.

STATE OF MAINE

v.

DAVID BRADLEY

HUMPHREY, J.

[¶1]  David Bradley appeals the restitution portion of his sentence arising from his conviction for submitting hundreds of fraudulent claims to MaineCare. He contends (1) that the court erred in finding that he was not incapable of paying the ordered restitution, and (2) that the court's decision to order $20,000 in restitution was so arbitrary that it violated his right to due process of law. Discerning no error or due process violation, we affirm.

## I.  BACKGROUND

[¶2]  David Bradley was charged with one count of theft by deception (Class B), 17-A M.R.S. § 354(1)(B)(1) (2015) on June 12, 2013, and pleaded guilty on April 21, 2015.  The State alleged, and the court (Kennebec County, *Mullen, J.*) found there was sufficient evidence to support, that Bradley had

submitted hundreds of fraudulent claims to MaineCare, totaling at least $40,217.56.

[¶3] The following undisputed facts are drawn from the sentencing memoranda and accompanying exhibits submitted to the sentencing court. Bradley was a practicing, licensed psychologist who also ran a bed and breakfast in Maine. In 2008, the bed and breakfast was foreclosed upon, and in 2011, Bradley lost his license to practice psychology following a series of complaints lodged against him based on multiple ethical and professional violations. Between September 2010 and June 2011, during periods when he was spending significant time in Florida or was in jail in Maine for other unrelated criminal convictions, Bradley submitted the fraudulent claims to MaineCare.

[¶4] In his sentencing memorandum, Bradley asserted that he had $890 in monthly income—from Social Security and the Florida food assistance program—and $885 in monthly expenses for rent, cell phone, medications, food, sundries, and "gas money paid to others." The State requested a stand-alone order and a probation condition that Bradley pay restitution to MaineCare in the amount of $40,217.56. Bradley requested that the court order restitution in the amount of $1,563.

[¶5] At the conclusion of the sentencing hearing, taking into account the sentencing memoranda and the arguments of counsel, the court stated, "I think it's

a fair question to ask . . . what's the likelihood, or who is going to hire a 64-year-old convicted felon with the felony being for theft?" The court also noted its concern about ordering a level of restitution that would be unrealistic and thus "promise . . . justice that we cannot deliver." However, the court found that Bradley

> has no overwhelming health problems that barred him, necessarily, from obtaining employment, certainly, not in the field of healthcare, as far as I could determine in the future or predict. But I think there are service industries, jobs that people find with felony convictions—convictions in the plural, not just one. And I find that he has a reduced capacity, but not a total inability, to make restitution.

The court sentenced Bradley to four years' imprisonment, with all but nine months suspended, and three years of probation and ordered him to pay $20,000 in restitution to MaineCare, also making payment a condition of his probation.[1]

[¶6] On May 8, 2015, Bradley filed a timely notice of direct appeal, pursuant to 15 M.R.S. § 2115 (2015) and M.R. App. P. 2, and applied to us for leave to appeal the sentence, pursuant to 15 M.R.S. § 2151 (2015) and M.R. App. P. 20. The Sentence Review Panel granted his application on August 3, 2015, and ordered that the sentence appeal be considered together with his direct appeal, pursuant to M.R. App. P. 20.

---

[1] The court left the time and method of payment to be determined by the Department of Corrections so that the Department could set a payment schedule in accordance with Bradley's circumstances in the future. *See* 17-A M.R.S. § 1326-A (2015).

## II. DISCUSSION

[¶7] Bradley's argument that the sentencing court erroneously found that he was not incapable of paying $20,000 in restitution is an argument regarding the propriety of the sentence that may only be raised through a discretionary sentence appeal. *See State v. Davenport*, 2016 ME 69, ¶¶ 8-9, 13, --- A.3d ---. In contrast, Bradley's argument that the restitution portion of his sentence violated due process is a challenge to his sentence based on a purported illegality appearing plainly in the record, and may be raised on direct appeal. *See State v. Ricker*, 2001 ME 76, ¶¶ 18-19, 770 A.2d 1021. Because Bradley filed a timely notice of direct appeal and was also granted leave to appeal his sentence, the distinction has no practical significance in this case; however, we (A) consider Bradley's argument about the propriety of the restitution portion of his sentence in the context of his discretionary sentence appeal and (B) consider his argument that the restitution order violated due process in the context of his direct appeal.

A. Discretionary Appeal—Propriety of the Sentence

[¶8] Bradley's primary contention on appeal is that the court's order of $20,000 in restitution was improper because he had established his incapacity to pay this level of restitution as a matter of law. *See* 17-A M.R.S. § 1325 (2015). The Legislature has authorized courts to order restitution to compensate victims for economic loss while helping to rehabilitate the offenders. *See* 17-A M.R.S.

§ 1321 (2015). When calculating restitution, a court must consider, inter alia, "[t]he present and future financial capacity of the offender to pay restitution." 17-A M.R.S. § 1325(1)(C). The court is not required to make an express finding that the defendant is able to pay restitution. *See State v. Berube*, 1997 ME 165, ¶¶ 18-19, 698 A.2d 509. However, restitution is not authorized when it "creates an excessive financial hardship on the offender." 17-A M.R.S. § 1325(2)(D). In determining whether restitution will create an excessive hardship, a court must consider, inter alia, "[t]he minimum living expenses of the offender" and "[t]he offender's present income and potential future earning capacity." *Id.* § 1325(2)(D)(2), (2)(D)(4).

[¶9] The defendant "has the burden of proving the incapacity [to pay restitution] by a preponderance of the evidence." *Id.* § 1325(4). "[U]nless a court has evidence before it sufficient to support a finding that a restitution order would create an excessive financial hardship . . . it is authorized to impose restitution, in whole or in part, as compensation for economic loss." *Berube*, 1997 ME 165, ¶ 19, 698 A.2d 509. On appeal, the defendant "has the burden of demonstrating that the incapacity was proven as a matter of law." 17-A M.R.S. § 1325(4).

[¶10] As the party with the burden of proof, Bradley is required to show that "the record compels a contrary conclusion." *Davenport*, 2016 ME 69, ¶ 13, --- A.3d --- (quotation marks omitted). Thus, we review the record before the

sentencing court to determine if it compels the conclusion that Bradley is incapable of paying restitution because the restitution poses an excessive financial hardship. *See id.*; *see also State v. Nelson*, 2010 ME 40, ¶ 18, 994 A.2d 808 ("The court heard evidence that Nelson was forty-two years old, had previously owned and operated a successful business involving a number of transferable skills, and that he suffered from no disability. . . . Under these facts, the court did not err as a matter of law in finding that restitution would not cause an excessive financial hardship . . . ."); *State v. Peck*, 2014 ME 74, ¶ 17, 93 A.3d 256 ("The court's restitution order . . . is both reasonable and supported by the record.").

[¶11]  The record before the sentencing court in this case does not compel the conclusion that paying $20,000 in restitution would impose an excessive financial hardship on Bradley.  The court's judgment was based on its findings that Bradley has "no overwhelming health problems" barring him from employment and that there are several fields of employment open to Bradley even with his felony conviction.  Bradley did not present evidence regarding any physical condition that would impair his ability to work at the time of the sentencing or in the future.  Nor did he present any evidence that his job skills from practicing as a psychologist or running a bed and breakfast would not be transferable to other fields.  Similar to defendants in previous cases, Bradley is essentially able-bodied

and has a prior history of employment with potentially transferable skills.[2] *See Nelson*, 2010 ME 40, ¶ 18, 994 A.2d 808; *State v. Pease*, 2007 ME 155, ¶ 10, 940 A.2d 189.

[¶12]  Bradley posits that he will have trouble gaining employment because of his felony conviction, but we have never recognized a felony conviction as per se evidence of a lack of future employability.  Indeed, as the State points out, "[i]f all convicted felons were deemed unemployable, most of them would not be required to pay restitution—a result not indicated by the statutory provisions for the imposition of restitution."  For these reasons, we conclude that the sentencing court did not err in finding that Bradley was not incapable of paying $20,000 in restitution.

B.     Direct Appeal—Due Process

[¶13]   Bradley also argues that the court's decision to order $20,000 in restitution was arbitrary and therefore violated his right to due process.  We review

---

[2]  Bradley's reliance on *State v. Johnson*, 667 A.2d 110 (Me. 1995), is misplaced.  In *Johnson*, we vacated a restitution order where "the record show[ed] that all of Johnson's income [was] required for . . . basic necessities" and "[n]either Johnson's current income nor her realistic earning potential [left] any room for the payment of restitution." *Id.* at 111.  Bradley argues that he is like Johnson because he asserts that almost all of his income goes to his basic expenses, and because the court could not have determined that he could "realistically" gain future employment. *Johnson*, however, was decided at a time before the Legislature placed on defendants the burden to prove an inability, or incapacity, to pay restitution. *See* P.L. 1997, ch. 413, § 3 (effective Sept. 19, 1997) (codified at 17-A M.R.S. § 1325(4)); *see also State v. Davenport*, 2016 ME 69, ¶¶ 10-11, --- A.3d ---.  In addition, in *Johnson*, we determined from the record that the sentencing court had impermissibly imposed symbolic restitution by ordering the defendant to pay an amount that the court *expected she would not be able to pay*. *See Johnson*, 667 A.2d at 111.  By contrast, in this case, the sentencing court found that there was no bar to Bradley being able to pay the restitution it ordered.

8

the constitutionality of a sentence de novo. *State v. Bennett*, 2015 ME 46, ¶ 14, 114 A.3d 994. The record clearly demonstrates that the court's decision was not arbitrary. The court (1) considered the statutory factors, *see* 17-A M.R.S. § 1325(1), and many of the specific circumstances that Bradley advanced in his sentencing memorandum; (2) allowed Bradley to apply his bail towards the restitution in light of his diminished capacity to pay; and (3) provided that the Department of Corrections would determine the exact time and method of payment in order to best reflect Bradley's circumstances now and in the future. Furthermore, the court halved the amount of restitution sought by the State in light of Bradley's diminished earning capacity, a reasonable approach that we recently approved. *See Peck*, 2014 ME 74, ¶ 17, 93 A.3d 256 ("In ordering Peck to pay restitution, the court properly recognized Peck's financial limitations and more than halved the State's requested amount of $36,800 to $18,000."); *see also* 17-A M.R.S. § 1325(1) (providing that restitution may be authorized as compensation for economic loss "in whole or in part"). For these reasons, the court's decision was not arbitrary, and we affirm.

The entry is:

Judgment affirmed.

**On the briefs:**

Scott F. Hess, Esq., The Law Office of Scott F. Hess, LLC, Augusta, for appellant David Bradley

Janet T. Mills, Attorney General, and Valerie A. Wright, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

**At oral argument:**

Scott F. Hess, Esq., for appellant David Bradley

Valerie A. Wright, Asst. Atty. Gen., for appellee State of Maine

Kennebec County Superior Court docket number CR-2013-521
FOR CLERK REFERENCE ONLY