MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2018 ME 61
Docket:      Yor-17-284
Argued:      March 6, 2018
Decided:     April 26, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

WILLIAM C. PLANTE

PER CURIAM

[¶1]  William C. Plante has brought this direct appeal from a sentence requiring him to pay $7,500 in restitution based on his involvement in extensively damaging rental property from which he was evicted.  The sentence, entered by the court (York County, *Douglas, J.*) upon Plante's nolo contendere plea to criminal mischief (Class D), 17-A M.R.S. § 806(1)(A), (2) (2017), required only the payment of restitution and a mandatory payment to the Victims' Compensation Fund.  *See* 5 M.R.S. § 3360-I (2017).  Aside from those requirements, Plante was unconditionally discharged.  *See* 17-A M.R.S. § 1346 (2017).  Because Plante does not properly assert that there is any illegality apparent on the record but instead challenges the factual and

discretionary determinations of the court—decisions that we do not review in a direct appeal of a sentence—we dismiss his appeal.

## I. BACKGROUND

[¶2] In April 2015, Plante was charged by indictment with aggravated criminal mischief (Class C), 17-A M.R.S. § 805(1)(A), (2) (2017). He initially pleaded not guilty, but in May 2016, he entered a plea of nolo contendere to criminal mischief (Class D), 17-A M.R.S. § 806(1)(A), (2), and the State dismissed the count of aggravated criminal mischief.

[¶3] The State sought a judgment imposing restitution but no jail time or probation. After an evidentiary hearing regarding the amount of the victim's loss and Plante's capacity to pay restitution, the court found that, although Plante lacked the present capacity to pay restitution, he failed to prove that he lacked the future capacity to pay. *See* 17-A M.R.S. § 1325(1)(C), (2)(D), (4) (2017). The resulting judgment, entered in May 2017, required Plante to begin paying a $7,500 restitution obligation at a rate of $25 per month. The judgment required Plante to begin making payments in June 2018, a full year after sentencing. The court expressly stated that, if Plante remained unable to begin paying by June 2018, he could move to modify the restitution order. *See* 17-A M.R.S. § 1328-A (2017). The court also ordered Plante to pay $20 to the

Victims' Compensation Fund and sentenced him to an unconditional discharge. *See* 5 M.R.S. § 3360-I; 17-A M.R.S. § 1346. The court denied Plante's subsequent motion for correction or reduction of his sentence. *See* M.R.U. Crim. P. 35.

[¶4] Plante did not petition for a discretionary review of that denial. M.R. App. P. 19(a)(2)(A), (c) (Tower 2016).[1] He appealed the sentence to us directly, arguing that the court erred in its factual findings or abused its discretion in determining his capacity to pay restitution. *See* M.R. App. P. 2 (Tower 2016).

## II. DISCUSSION

[¶5] In a direct appeal, we do not review the propriety of a sentencing court's factual findings or discretionary determinations. *State v. Davenport*, 2016 ME 69, ¶¶ 8, 9, 138 A.3d 1205. To obtain review of those aspects of a sentence, a defendant must have been "sentenced to a term of imprisonment of one year or more," 15 M.R.S. § 2151, and must have applied for sentence review, "with an appeal following only if the Sentence Review Panel authorizes the appeal in its discretion," *Davenport*, 2016 ME 69, ¶ 8, 138 A.3d 1205. *See* M.R. App. P. 20 (Tower 2016); M.R. App. P. 20 (restyled). Because Plante was not sentenced to a term of imprisonment of at least one year, he could not pursue

---

[1] The restyled Maine Rules of Appellate Procedure do not apply to this appeal. *See* M.R. App. P. 1 (providing that the restyled rules apply in appeals for which the notice of appeal was filed on or after September 1, 2017).

4

such sentence review. *See* 15 M.R.S. § 2151; *State v. Bennett*, 2015 ME 46, ¶¶ 10-11, 114 A.3d 994.

[¶6]  A direct appeal of a sentence, including a sentence to pay restitution, is properly before us only if a defendant identifies an illegality, such as a constitutional or statutory violation,[2] that is apparent from the record. *State v. Bean*, 2018 ME 58, ¶ 25, --- A.3d ---; *Davenport*, 2016 ME 69, ¶ 9, 138 A.3d 1205. Plante has attempted to argue that we must consider his direct appeal to protect his rights of equal protection and due process.  He presented these constitutional arguments only in his reply brief, however, and then in an undeveloped manner, without citation to supporting legal authority that would make an illegality apparent on the face of the record.  *See Lincoln v. Burbank*, 2016 ME 138, ¶ 41, 147 A.3d 1165; *Davenport*, 2016 ME 69, ¶¶ 8, 9, 138 A.3d 1205; *State v. Lowe*, 2015 ME 124, ¶ 23 n.6, 124 A.3d 156.

---

[2] Twenty-three years ago, we vacated a restitution order on direct appeal because we interpreted the statute then in effect to require a trial court's express finding of a present capacity to pay. *See State v. Johnson*, 667 A.2d 110, 111 (Me. 1995).  The restitution statute has since been amended, however, to (1) authorize a sentencing court to consider an offender's *future* capacity to pay when determining whether, in what amount, and by what method an offender should be required to pay restitution; and (2) place on the offender the burden of proving a present or future incapacity to pay. *See* P.L. 1997, ch. 413, §§ 1-3 (effective Sept. 19, 1997) (codified at 17-A M.R.S. § 1325(1)(C), (2)(D), (4)); *see also State v. Bradley*, 2016 ME 70, ¶ 11 n.2, 138 A.3d 1210; *State v. Davenport*, 2016 ME 69, ¶¶ 10-11, 138 A.3d 1205.

[¶7]   Because Plante did not argue and present legal authority to demonstrate any illegality, his appeal is in essence a challenge to "the court's findings or discretionary determinations," which we do not review on direct appeal.  *Davenport*, 2016 ME 69, ¶¶ 8, 9, 138 A.3d 1205.  Accordingly, we dismiss Plante's appeal.  We note, however, that the trial court should correct the judgment and commitment to provide Plante's middle initial as "C" instead of "E."

The entry is:

Appeal dismissed.

---

Paul Aranson, Esq. (orally), South Portland, for appellant William E. Plante, Jr.

Kathryn M. Slattery, District Attorney, and Thaddeus W. West, Asst. Dist. Atty. (orally), Prosecutorial District #1, Alfred, for appellee State of Maine

York County Superior Court docket number CR-2015-957
FOR CLERK REFERENCE ONLY