MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2023 ME 21
Docket:      SRP-22-92
Argued:      December 7, 2022
Decided:     March 9, 2023

Panel:       STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

STATE OF MAINE

v.

RICHARD J. MURRAY-BURNS

HORTON, J.

[¶1]  In this discretionary sentence appeal, Richard J. Murray-Burns appeals from a series of consecutive sentences imposed by the trial court (Somerset County, *Mallonee, J.*) on his guilty pleas to ten counts of aggravated attempted murder, one count of robbery, one count of failure to stop, and one count of theft.  Murray-Burns argues that we should vacate the sentences because the court did not make the factual findings required for the imposition of consecutive sentences.  *See* 17-A M.R.S. § 1608 (2022).  We agree, and we therefore vacate the sentences and remand for the imposition of a sentence or sentences that are not more severe than the sentence appealed from.  We also use this occasion to clarify our jurisprudence regarding the several avenues through which a defendant may challenge a criminal sentence.

## I. BACKGROUND

[¶2]   The following facts are drawn from the State's summary of the evidence that it would have presented to a fact finder if Murray-Burns had not pleaded guilty.  *See State v. Lopez*, 2018 ME 59, ¶ 2, 184 A.3d 880.   On December 22, 2019, a police officer investigated a report that a person had stolen something from a retail store in Waterville and then driven away in a particular vehicle.  The officer located and stopped a vehicle matching the description and made contact briefly with the driver, Murray-Burns. Murray-Burns then sped off, and when the police officer followed and approached with his cruiser's lights and sirens activated, Murray-Burns began firing an "AR-15 style" rifle at the officer.  Two bullets from the rifle struck the officer—one in each arm—and sixteen bullets struck the cruiser.  A second officer pursued Murray-Burns and approached his vehicle.  Murray-Burns fired on that officer; sped off; stopped and fired on the officer again, striking the officer's cruiser and disabling it; and then sped off again.  Murray-Burns then stopped his vehicle in front of a man who was backing his car out of his driveway. Murray-Burns got out of his vehicle and ordered the man at gunpoint to get out of his car, saying that he "didn't want to do something horrible."  The man heard police sirens approaching, and Murray-Burns got back into his own

vehicle and drove away. Several other officers pursued Murray-Burns. Rather than attempting to evade them, Murray-Burns stopped his vehicle in multiple locations to fire gunshots at them as they approached. Officers ultimately closed in from both directions and returned fire, and Murray-Burns fell out of his vehicle. Police found the rifle, a pistol, and ammunition, and saw that a piece of heavy-duty body armor had been draped over the driver's seat of Murray-Burns's car.

[¶3] A grand jury returned a nineteen-count indictment charging Murray-Burns with

- thirteen counts of aggravated attempted murder (Class A), 17-A M.R.S. § 152-A (2022);

- one count of robbery with a dangerous weapon (Class A), 17-A M.R.S. § 651(1)(E) (2022);

- two counts of aggravated assault with a firearm (Class B), 17-A M.R.S. §§ 208(1)(B), 1604(3)(B) (2022);

- one count of reckless conduct with a dangerous weapon (Class C), 17-A M.R.S. §§ 211(1), 1604(5)(A) (2022);

- one count of failure to stop (Class E), 29-A M.R.S. § 2414(2) (2022); and

- one count of theft by unauthorized taking or transfer (Class E), 17-A M.R.S. § 353(1)(A) (2022).

4

The trial court held a hearing in August 2021 during which Murray-Burns pleaded guilty to ten of the aggravated attempted murder charges and to the robbery, failure to stop, and theft charges.[1]

[¶4]  The court held a sentencing hearing in March 2022.  Although neither Murray-Burns nor the State recommended consecutive sentences, the court asked the parties to consider "how many probations could be stacked on top of one another to stretch how far."  The State suggested that the court could impose as much as four years of probation on each of the Class A counts if it were to impose consecutive sentences pursuant to 17-A M.R.S. § 1608(1)(D).[2] Defense counsel likewise said that consecutive suspended sentences would be an appropriate way to impose a sentence that included any length of probation.

[¶5]  Without specifying a particular charge on which it was imposing sentence, the court set a basic term of imprisonment of forty years based on the seriousness of the conduct, adjusted that term upward to a maximum of forty-five years after weighing mitigating and aggravating factors, and stated

---

[1]  The State dismissed the remaining charges.

[2]  The statute permits a court to impose consecutive sentences "after considering" that "[t]he seriousness of the criminal conduct involved . . . require[s] a sentence of imprisonment in excess of the maximum available for the most serious offense."  17-A M.R.S. § 1608(1)(D) (2022).  The prosecutor stated that section 1608(1)(D) was "the section that the State would argue is applicable to the facts of this case."  Neither the State nor Murray-Burns suggested that any of the other paragraphs of subsection 1608(1) could serve as a basis for the imposition of consecutive sentences, nor did the court identify any other paragraph.

its belief that an "extended" period of probation was appropriate. *See State v. Hewey*, 622 A.2d 1151, 1154-55 (Me. 1993); 17-A M.R.S. § 1602(1) (2022). The court then imposed the following sentences:

- On six of the ten aggravated attempted murder counts: concurrent sentences of forty-five years in prison, with all but thirty years suspended, and four years of probation.

- On the robbery, failure to stop, and theft counts: sentences of fifteen years, six months, and six months, respectively, concurrent with one another and concurrent with the sentences on the first six aggravated attempted murder counts.

- On the remaining four aggravated attempted murder counts: separate and successive consecutive sentences of forty-five years, all suspended, and four years of probation, all consecutive to the sentences imposed on the other nine counts.

[¶6]   The court did not state its reasons for imposing consecutive sentences, *see* 17-A M.R.S. § 1608(3), and it did not articulate a *Hewey* analysis specific to each of the counts for which it imposed consecutive sentences, *see* 17-A M.R.S. § 1602(1); *State v. Stanislaw*, 2013 ME 43, ¶ 16, 65 A.3d 1242. The net effect of the sentences was to subject Murray-Burns to a total of 225 years of incarceration, with no less than thirty to be served, and twenty years of probation.

[¶7]  The court entered a judgment of conviction reflecting the sentences imposed.  Murray-Burns filed a timely application for leave to appeal from the

sentence, which the Sentence Review Panel granted. *See* 15 M.R.S. § 2151 (2022); M.R. App. P. 2B(b)(1), 20(b). In his appellate brief, Murray-Burns argues that (1) the sentence is illegal because the court was not authorized to impose consecutive sentences and (2) the sentence is disproportionate to the offenses and disproportionate to sentences imposed in other cases.

[¶8] In September 2022, while the appeal was pending with us, the State filed, in the trial court, a motion to correct the sentence pursuant to Maine Rule of Unified Criminal Procedure 35(a). In the motion, the State explained that it agreed with Murray-Burns "that the sentencing court lacked authority to issue consecutive sentences."[3] The State asked the trial court to certify to us that it would grant the motion to correct the sentence after remand, *see* M.R.U. Crim. P. 35(e), and indicated that Murray-Burns did not oppose the motion. The court issued an order stating that the Rule 35 motion was granted and that it would "resentence" Murray-Burns. Murray-Burns responded, explaining that he did, in fact, oppose the State's motion and arguing that Rule 35 did not authorize the court to conduct a de novo resentencing while this appeal was pending. The court vacated its order, thereby reinstating the original judgment. The State then filed its appellate brief with us, agreeing that the trial court did not have

---

[3] The State also reiterated its view that "[t]he only applicable subsection" of 17-A M.R.S. § 1608(1) (2022) was paragraph 1608(1)(D).

the authority to impose consecutive sentences and urging us to vacate the judgment and remand the case for resentencing.

[¶9]  Next, in this Court, Murray-Burns moved for a "summar[]y remand with specific mandate."  He argued that because the State agreed with his argument that the trial court had imposed an illegal sentence, we should summarily vacate the judgment and remand the matter for the trial court to impose a new sentence in accordance with 15 M.R.S. § 2156(1-A) (2022).  That statute provides, inter alia, that if we determine that relief should be granted, we must remand "for resentencing . . . provided that the sentence is not more severe than the sentence appealed."  *Id.*  He further argued that we should include a "specific mandate" providing an interpretation of the meaning of "more severe" as used in the statute.[4]  The State opposed Murray-Burns's motion for a specific mandate but agreed, also citing section 2156(1-A), that we should resolve this appeal by vacating the judgment and remanding the case for imposition of a new sentence that is not more severe than the sentence from which Murray-Burns appealed.  We denied the motion for summary remand and directed the parties to be prepared to discuss, at oral argument,

---

[4] Murray-Burns requested that we issue a mandate stating that "no facet (*e.g.*, maximum sentence, final sentence, and term of probation) of the new sentence shall be of longer duration than that previously imposed on any given count," and that we should direct the trial court to simply vacate "the consecutive nature of the sentences" rather than conduct a full, de novo resentencing.

(1) whether section 2156(1-A) applies to this discretionary sentence appeal and (2) whether the legality or propriety of any new sentence that the trial court might impose on remand are ripe for determination at this juncture.

[¶10]  At oral argument, the State agreed that the sentence imposed was unlawful but argued that we should dismiss the appeal because Murray-Burns raised a challenge to the legality of his sentence that was cognizable only in a direct appeal from the judgment of conviction.  The State represented that if we were to dismiss the appeal, it would file another Rule 35 motion in the trial court seeking correction of the sentence, and that the trial court could then resentence Murray-Burns and impose any sentence not more severe than the one appealed from, including consecutive sentences if the court made the requisite findings under any of the paragraphs included in 17-A M.R.S. § 1608(1).

## II.  DISCUSSION

[¶11]  Murray-Burns argues that his sentence is illegal on its face because his criminal conduct did not meet any of the statutory requisites for the imposition of consecutive sentences, *see* 17-A M.R.S. § 1608(1), and the court did not engage in a *Hewey* analysis specific to the consecutive sentences that it imposed, *see Stanislaw*, 2013 ME 43, ¶ 16, 65 A.3d 1242.  He also challenges the

propriety of his sentence, arguing that the sentence is unconstitutionally excessive and disproportionate. *See id.* ¶¶ 24-29; *State v. Ricker*, 2001 ME 76, ¶ 18, 770 A.2d 1021.

## A.     Justiciability of the Appeal

[¶12] Given the current posture of the case and the parties' positions, an essential preliminary question is whether we can address the merits of Murray-Burns's argument that his sentence is illegal as part of this discretionary sentence appeal or whether, as the State now asserts, we must ignore that argument on the ground that a challenge to the legality of a sentence may be pursued only in a direct appeal.[5]

[¶13]    As a general matter, challenges to a criminal sentence may be raised in this Court in a direct appeal, which is available as a matter of right; through an application for discretionary sentence review, which may proceed only at the discretion of the Sentence Review Panel, *see* 15 M.R.S. §§ 2151-2157 (2022); or collaterally on post-conviction review. *See Ricker*, 2001 ME 76, ¶ 18, 770 A.2d 1021.   Rule 35 of the Maine Rules of Unified Criminal Procedure

---

[5] Although the State argued at oral argument that we should dismiss the appeal, dismissal would be inappropriate even if we could not review the legality of the sentence. That is because Murray-Burns raises, in addition, a challenge to the propriety of his sentence, which is unquestionably reviewable in the context of a discretionary sentence appeal. *See* 15 M.R.S. § 2155(1) (2022); *see also, e.g.*, *State v. Ricker*, 2001 ME 76, ¶ 18, 770 A.2d 1021 ("[T]he appropriateness of a sentence is a matter of discretionary review . . . .").

supplies yet another avenue through which a defendant can pursue a different criminal sentence in the trial court.

[¶14]  The two avenues at issue here are direct appeal and discretionary sentence review.[6]  We have made clear that "[w]e do not review the propriety of a sentence on direct appeal." *State v. Davenport*, 2016 ME 69, ¶ 8, 138 A.3d 1205 (emphasis omitted).  Rather, "[o]n direct appeal, we will vacate a sentence only when it is illegal and the illegality appears on the face of the record. . . . [A] direct appeal that does not argue any illegality, but instead challenges only the court's findings or discretionary determinations, will be dismissed." *Id.* ¶¶ 8-9 (alteration, quotation marks, and citations omitted).  "[T]o obtain review of the propriety of a sentence, it is necessary to apply for sentence review, with an appeal following only if the Sentence Review Panel authorizes the appeal in its discretion." *Id.* ¶ 8.

[¶15]  It does not follow, however, that we cannot review the facial legality of a sentence in the context of a discretionary sentence appeal.  The

---

[6]  Post-conviction review is appropriate when the basis for the challenge, typically ineffective assistance of counsel, is not fully apparent on the face of the trial record and thus requires a separate proceeding, often including an evidentiary hearing.  *See, e.g.*, *State v. Gordon,* 2021 ME 9, ¶ 47, 246 A.3d 170 (Jabar, J., concurring) ("[A]ny challenges to a conviction on the ground of involuntariness of the plea, misrepresentation, coercion, or duress in securing the plea must be left to post-conviction review . . . .").

Legislature has defined the primary focus of our review, once the Sentence Review Panel has granted leave to appeal:

> In reviewing a criminal sentence, the Supreme Judicial Court shall consider:
>
> **1. Propriety of sentence.** The propriety of the sentence, having regard to the nature of the offense, the character of the offender, the protection of the public interest, the effect of the offense on the victim and any other relevant sentencing factors recognized under law; and
>
> **2. Manner in which sentence was imposed.** The manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based.

15 M.R.S. § 2155.

[¶16]   As we have explained, "the discretionary appeal afforded by [15 M.R.S. §§ 2151-2157] is broad enough to include claims of facial illegality." *State v. Tellier*, 580 A.2d 1333, 1333 n.1 (Me. 1990);[7] *see State v. Cyr*, 611 A.2d 64, 66 n.6 (Me. 1992) ("[A] facially illegal sentence, which may be challenged on direct appeal, may also be attacked, at the defendant's discretion, through the sentence review procedures . . . ."). This means that a defendant who challenges the propriety of a sentence under the discretionary sentence appeal statutes may also raise, in the same appeal, a claim that the sentence is facially

---

[7]  *Tellier* is procedurally identical to this case: in a discretionary sentence appeal, we concluded that the sentencing court erred by imposing consecutive sentences without a lawful basis to do so. *State v. Tellier*, 580 A.2d 1333, 1333-36, 1333 n.1 (Me. 1990).

12

illegal. Our rationale for dismissing "a direct appeal that does not argue any illegality, but instead challenges only the court's findings or discretionary determinations," *Davenport*, 2016 ME 69, ¶ 9, 138 A.3d 1205, remains intact; a defendant should not be able to circumvent the discretionary appeal procedure by raising a challenge to the propriety of the sentence in a direct appeal. But review of the legality of a sentence in a discretionary appeal does not present that problem.

[¶17] To conclude otherwise could produce anomalous results. Because a defendant can always assert the facial illegality of a sentence "as a matter of right," *Ricker*, 2001 ME 76, ¶ 18, 770 A.2d 1021, a defendant should not be defaulted for choosing to assert that right in a discretionary sentence appeal rather than in a direct appeal.[8] We also see little to be gained from *requiring* a

---

[8] The line between a "legality" challenge and a "propriety" challenge may not always be clear. *Compare State v. Bennett*, 2015 ME 46, ¶ 13, 114 A.3d 994 ("Claims alleging violations of a defendant's constitutional rights constitute an attack on the legality of the sentencing proceeding . . . ."), *and State v. Bradley*, 2016 ME 70, ¶¶ 7, 13, 138 A.3d 1210 (reviewing a due process challenge de novo as a challenge to the legality of the sentence in a direct appeal), *with Gordon*, 2021 ME 9, ¶¶ 11-12, 246 A.3d 170 (reviewing a due process challenge as part of a discretionary sentence appeal); *compare also State v. Cunneen*, 2019 ME 44, ¶ 26, 205 A.3d 885 ("A departure from the [*Hewey*] process . . . creates no reviewable issue on direct appeal." (quotation marks and alteration omitted)), *with State v. Gauthier*, 2007 ME 156, ¶¶ 1, 13, 32-33, 939 A.2d 77 (reviewing, in a direct appeal and for an abuse of discretion, whether a "sentencing court failed to properly consider mitigating factors . . . in setting [a] maximum sentence").

Consecutive sentencing furnishes an example: if a defendant challenges the trial court's factual determination that the defendant's conduct involved more than a single criminal episode, *see* 17-A M.R.S. § 1608(1)(A) (2022), is the defendant identifying a facial statutory error for purposes of facial illegality or challenging the court's findings or discretionary interpretation of the underlying facts? A defendant raising such a claim would be well advised to both pursue a direct appeal and

defendant who wishes to challenge both the legality and the propriety of a sentence to file two separate appeals, and we decline to hold that we must ignore a legal error simply because it has arisen in the context of a discretionary sentence appeal.[9]  We therefore reaffirm our earlier conclusions that although the propriety of a criminal sentence is not reviewable in a direct appeal, *e.g.*, *Davenport*, 2016 ME 69, ¶ 8, 138 A.3d 1205, the discretionary sentence review process "is broad enough to include claims of facial illegality," *Tellier*, 580 A.2d at 1333 n.1.

## B.    Merits and Mandate

[¶18]  "We review questions of law de novo, including the legality of a sentence and the interpretation of a statute."  *State v. Brockelbank*, 2011 ME 118, ¶ 15, 33 A.3d 925 (alterations and quotation marks omitted).

[¶19]  Title 17-A M.R.S. § 1608(1) provides that multiple sentences of imprisonment imposed on the same date

> must be concurrent except that the court may impose the sentences consecutively after considering the following factors:

---

apply for discretionary sentence review, but a defendant who, like Murray-Burns, pursues only the latter form of relief should not be penalized if we see the challenge as involving legality rather than propriety.

[9] Because a challenge to the legality of a sentence raised as part of a discretionary sentence appeal is still subject to the discretion of the Sentence Review Panel, a defendant wishing to challenge both the legality and propriety of a sentence may decide to pursue both avenues of appeal to ensure our review of at least the claim of facial illegality.

**A.** The convictions are for offenses based on different conduct or arising from different criminal episodes;

**B.** The individual was under a previously imposed suspended or unsuspended sentence and was on probation or administrative release, under incarceration or on a release program or period of supervised release at the time the individual committed a subsequent offense;

**C.** The individual had been released on bail when that individual committed a subsequent offense, either pending trial of a previously committed offense or pending the appeal of previous conviction; or

**D.** The seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the individual, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

17-A M.R.S. § 1608(1). The statute therefore prohibits a sentencing court from imposing consecutive sentences without finding that one of the four listed factors applies. *E.g.*, *State v. Treadway*, 2020 ME 127, ¶ 14, 240 A.3d 66. In addition, "[i]f the court decides to impose consecutive sentences, the court shall state its reasons for doing so on the record or in the sentences." 17-A M.R.S. § 1608(3); *see Stanislaw*, 2013 ME 43, ¶ 16, 65 A.3d 1242 ("If the court decides to impose consecutive sentences for various convictions, it must perform a separate *Hewey* analysis for each conviction.").

[¶20]  Here, as the parties have pointed out, the court imposed consecutive sentences without making the required findings, providing the required explanation, or performing a separate *Hewey* analysis for each conviction.[10]  We therefore must vacate the sentences and remand the case to the sentencing court "for any further proceedings that could have been conducted prior to the imposition of the sentence under review and for resentencing on the basis of such further proceedings provided that the sentence is not more severe than the sentence appealed," 15 M.R.S. § 2156(1-A); *see State v. Violette*, 576 A.2d 1359, 1359-61 (Me. 1990) (reaffirming prior holdings that as a matter of due process, a sentence imposed on remand after a successful sentence appeal cannot be more severe than the original sentence "in the absence of any misconduct on the part of the defendant following his first sentencing").

[¶21]  We decline Murray-Burns's invitation to provide prophylactic guidance concerning what would or would not constitute a "more severe"

---

[10]  We agree with the parties that the only factor mentioned during the sentencing proceedings, paragraph 1608(1)(D), does not apply here as a matter of law.  For that factor to serve as a basis for the imposition of consecutive sentences, a sentencing court must find that "[t]he seriousness of the criminal conduct . . . or the seriousness of the criminal record of the individual, or both, require *a sentence of imprisonment in excess of the maximum available for the most serious offense*." 17-A M.R.S. § 1608(1)(D) (emphasis added).  The maximum available sentence of imprisonment for the crime of aggravated attempted murder, however, is life in prison, *see* 17-A M.R.S. § 152-A(2) (2022).  The sentencing court could not have found (and did not state that it found) that Murray-Burns's conduct required a sentence "in excess of" life in prison.

16

sentence because the question is not ripe for our adjudication. If the sentencing court were to agree with Murray-Burns's interpretation and impose the sentence that he requests on remand, an opinion delving into the contours of the meaning of "more severe" would be advisory. *See Madore v. Me. Land Use Regul. Comm'n*, 1998 ME 178, ¶ 7, 715 A.2d 157 ("A justiciable controversy involves a claim of present and fixed rights based upon an existing state of facts. Accordingly, rights must be declared upon the existing state of facts and not upon a state of facts that may or may not arise in the future." (quotation marks omitted)).

The entry is:

> Sentences vacated. Remanded to the sentencing court for further proceedings consistent with this opinion.

---

Rory A. McNamara, Esq. (orally), Drake Law LLC, York, for appellant Richard J. Murray-Burns

Maeghan Maloney, District Attorney, and Francis J. Griffin Jr., First Asst. Dist. Atty. (orally), Prosecutorial District IV, Augusta, for appellee State of Maine