MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2026 ME 17
Docket:        SRP-24-439
Argued:        September 11, 2025
Decided:       February 26, 2026

Panel:         STANFILL, C.J., and MEAD, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

## STATE OF MAINE

v.

## KEITH MERCHANT

LAWRENCE, J.

[¶1]  In this discretionary sentence appeal, Keith Merchant appeals from a sentence imposed by the trial court (Somerset County, *Benson, J.*) after his guilty pleas to two counts of gross sexual assault, three counts of unlawful sexual contact, two counts of sexual abuse of a minor, and one count of violation of condition of release.  Merchant argues that the sentence violated his constitutional right against double jeopardy; that the court failed to consider whether to impose a consecutive sentence during the appropriate part of the sentencing analysis; and that the sentence is disproportionate and excessive. We agree the sentence must be vacated because the court erred in its sentencing analysis and remand for the court to resentence Merchant.

## I. BACKGROUND

[¶2] On December 15, 2023, Merchant was charged by indictment for sexually assaulting his niece, the victim, on numerous occasions beginning when she was twelve years old. The grand jury indicted Merchant on the following eight offenses:

- Count 1: gross sexual assault (Class A), 17-A M.R.S. § 253(1)(B) (2025), on or between October 1, 2021, and March 3, 2022;

- Count 2: unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(F) (2025), on or between October 1, 2021, and March 3, 2022;

- Count 3: gross sexual assault (Class A), 17-A M.R.S. § 253(1)(B), on or between March 4, 2022, and March 3, 2023;

- Count 4: unlawful sexual contact (Class B), 17-A M.R.S. § 255-A(1)(F), on or between March 4, 2022, and March 3, 2023;

- Count 5: sexual abuse of a minor (Class C), 17-A M.R.S. § 254(1)(A-1) (2025), on or between March 4, 2023, and July 31, 2023;

- Count 6: sexual abuse of a minor (Class C), 17-A M.R.S. § 254(1)(A-2), on or between March 4, 2023, and July 31, 2023;

- Count 7: unlawful sexual contact (Class D), 17-A M.R.S. § 255-A(1)(F-2), on or between March 4, 2023, and July 31, 2023; and

- Count 8: violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2025), on or between March 4, 2023, and July 31, 2023.

The court accepted Merchant's guilty pleas to all eight charges on August 13, 2024, and scheduled a sentencing hearing for August 27, 2024.

[¶3]  At the sentencing hearing, the court heard testimony from the lead detective[1] who investigated the allegations against Merchant and heard unsworn statements from the victim, the victim's mother (Merchant's sister), and the victim's grandmother (Merchant's mother).

[¶4]  The court began its sentencing analysis by laying out the procedure set forth in *State v. Hewey*, 622 A.2d 1151 (Me. 1993), and codified in 17-A M.R.S. § 1602 (2025).  It went on to note the complexity of this case because of the multiple episodes of criminal conduct, requiring consideration of whether the sentences should be imposed consecutively under 17-A M.R.S. § 1608 (2025).

[¶5]  Addressing the individual counts, the court began with Count 1.  It noted that although there were no aggravating factors under 17-A M.R.S. § 253-A(3) (2025) that it was required to consider, there were factors intrinsic to the gross sexual assault in this count that went to the nature and seriousness of the offense.  Those factors included the age of the victim, the position of trust

---

[1]  The detective testified that the sexual assaults occurred over a period of three to four years, a time during which there were repeated offenses, and that the detective felt that it was a situation where Merchant groomed the victim and took advantage of her lack of a father figure.

4

Merchant had, the fact that there were multiple incidents over a period of several years, the use of bribery, the secrecy of the conduct, the lack of concern for pregnancy risks, and the attempts to manipulate the victim even after she had been interviewed by police. The court also considered that there was no physical force or violence used and that the sexual assault perpetrated in this case was extremely bad, but not the very worst kind of this offense. It set the basic sentence on Count 1 at eighteen years' imprisonment.

[¶6] The court then moved on to the second step in the *Hewey* analysis. It considered the aggravating factors specific to Merchant's case, including the enormous impact not only directly on the victim but also on her family, as well as the mitigating factors of Merchant's methamphetamine use, experiencing a head injury or multiple traumatic brain injuries, being sexually abused as a child, and ultimately accepting responsibility for his actions. The court adjusted the sentence to twenty years' imprisonment on Count 1, finding that the aggravating factor of victim impact outweighed the mitigating factors. Finally, in the third step of the *Hewey* analysis, after considering the purposes of sentencing under 17-A M.R.S § 1501 (2025),[2] the court determined that none

---

[2] Title 17-A M.R.S. § 1501(8)-(9) were amended in 2021 and 2023 but the amendments do not affect this appeal or the analysis done by the sentencing court. *See* P.L. 2021 ch. 170, § 1 (effective Oct. 18, 2021); P.L. ch. 174, § 1 (effective Oct. 18, 2021); P.L. 2021 ch. 366, § 26 (effective

of the twenty years would be suspended but noted its intention to impose a period of supervised release rather than probation. *See* 17-A M.R.S. § 1881(2) (2025).

[¶7] The court then moved to Count 3, the second of the two gross sexual assault charges, and stated that the same analysis it had conducted in Count 1 applied, but it then imposed a different sentence. The court sentenced Merchant to ten years' imprisonment to be served consecutively to Count 1 and, again, it suspended none of the sentence. The court explained that it was imposing consecutive sentences on Count 1 and Count 3 because Count 3 was a separate criminal episode. *See* 17-A M.R.S. § 1608(1)(A). It stated that, although it could impose a completely suspended sentence, it declined to do so, instead imposing ten years of supervised release at the conclusion of Merchant's ten years' imprisonment on Count 3. *See* 17-A M.R.S. § 1881(2). This made Merchant's sentence on Count 3 ten years' imprisonment followed by ten years of supervised release.

[¶8] On the remaining counts, the court imposed five years' imprisonment on Count 2, five years' imprisonment on Count 4, two years' imprisonment on Count 5, two years' imprisonment on Count 6, six months'

---

Oct. 18, 2021); P.L. 2021 ch. 647, §§ B-33, B-65 (effective Jan. 1, 2023); P.L. 2023 ch. 430, § 2 (effective Oct. 25, 2023).

6

imprisonment on Count 7, and ninety days' imprisonment on Count 8, all to be served concurrently with the sentence on Count 1.

[¶9]  Merchant filed a motion to extend the deadline for filing an appeal of his sentence, which was granted.  Merchant timely applied for leave to appeal his sentence, and the Sentence Review Panel granted his application on November 21, 2024.  *See* M.R. App. P. 2B(b)(1), 20; 15 M.R.S. § 2151 (2025).

## II.  DISCUSSION

[¶10]  Merchant argues that the court erred while conducting its *Hewey* analysis.  We agree that the court erred, although in a different manner than Merchant argues.  The court erred when it adopted the exact same *Hewey* analysis for Count 3 as was articulated for Count 1 but then imposed a sentence on Count 3 different from the sentence that it imposed on Count 1.

[¶11]  "[W]e review the sentencing court's determination of the basic sentence de novo for misapplication of legal principles and its determination of the maximum sentence for abuse of discretion." *State v. Plummer*, 2020 ME 143, ¶ 10, 243 A.3d 1184 (quotation marks omitted).  "[W]e review the sentencing court's analysis at each step to determine whether it disregarded the relevant sentencing factors or abused its sentencing power."  *Id*. (alteration and quotation marks omitted).

[¶12]  When crafting an appropriate individualized sentence, the court utilizes a three-step framework commonly known as the *Hewey* analysis and codified at 17-A M.R.S. § 1602.  *See Hewey*, 622 A.2d at 1154-55.  Step one requires the court to determine the basic sentence by considering the nature and seriousness of the offense.  17-A M.R.S. § 1602(1)(A). Step two requires the court to determine the maximum period of incarceration by looking at the relevant aggravating and mitigating sentencing factors.  *Id*. § 1602(1)(B). Finally, step three requires the court to determine "what portion, if any, of the maximum term of imprisonment under [step two] should be suspended."  *Id*. § 1602(1)(C).  In cases where there are multiple criminal episodes, the sentencing court can construct an aggregate sentence by choosing the most serious representative counts, often referred to as the primary counts, to serve as the foundation of the sentence.  *State v. Downs*, 2009 ME 3, ¶ 14, 962 A.2d 950.  A sentencing court can impose consecutive sentences[3] on the primary counts if it finds a statutory basis to do so.  *Id.* ¶ 29; 17-A M.R.S. § 1608(1).  In crafting an aggregate sentence with primary counts, the sentencing court must perform a separate *Hewey* analysis, going through each of the three steps, for each primary count that it determines will run consecutively to another count.

---

[3]  A consecutive sentence is one "involving imprisonment that immediately follows in time another sentence involving imprisonment."  17-A M.R.S. § 2(5-D) (2025).

8

*Downs*, 2009 ME 3, ¶ 14, 962 A.2d 950; *see State v. Chase*, 2025 ME 90, ¶ 29, 345 A.3d 183.

[¶13]  The procedure followed by the sentencing court in *State v. Chase* provides a model of the proper way in which a court should issue an aggregate sentence in cases where there are multiple episodes of criminal conduct.  *Chase*, 2025 ME 90, ¶ 29, 345 A.3d 183.  In *Chase*, the defendant was charged with nine counts involving three different criminal episodes.  *Id.* ¶¶ 4-6, 8.  There, the sentencing court began by discussing the sentencing factors set forth in section 1501 and then continued by grouping the counts by date, with each of the primary counts being a conviction of gross sexual assault.  *Id.* ¶¶ 8, 11-12.  At the outset and before moving on to the individual counts, the court determined that "[t]o achieve the goals of sentencing, . . . the three groups of sentences would run consecutively due to the serious and heinous nature of the multiple criminal episodes."  *Id.* ¶ 12 (citing 17-A M.R.S. § 1608(1)(D)).  The court in *Chase* then moved on to each of the primary counts, conducting a separate *Hewey* analysis for each.  *Id.* ¶¶ 13-15.  Each *Hewey* analysis yielded a different sentence, and the court carefully explained why there was an increase in each sentence during step two of each analysis.  *Id.* ¶¶ 13-15, 29.

[¶14] In Merchant's case, the court similarly began by recognizing the sentencing factors in section 1501 and noting the potential for issuing consecutive sentences due to the multiple episodes of criminal conduct. It moved on to the analysis for Count 1, the first primary count of gross sexual assault, by considering the factors that pertained to the nature and seriousness of the offense and  setting a basic sentence of eighteen years' imprisonment.[4] Next, the court proceeded to identify and weigh both the aggravating and mitigating factors and set the maximum sentence of incarceration at twenty years' imprisonment. The court then moved on to the third and final step of the analysis, where it determined that none of the twenty years' imprisonment would be suspended but indicated its intent to impose supervised release, rather than probation, on Count 3.[5] Ultimately, the final sentence was twenty

---

[4] Merchant argues that the court erred by combining conduct from Counts 1 and 3 when it determined the basic sentence of Count 1, thus violating his right to be free from double jeopardy under the Maine and United States Constitutions. A court may consider other offenses when setting the basic sentence if it is considering the nature of the specific offense as being part of a larger series of activity that bears on the seriousness of the offense at issue. *See e.g.*, *State v. Lord*, 2019 ME 82, ¶ 34, 208 A.3d 781. Here, the court considered the larger timeframe and multi-year span of conduct in order to analyze the nature and seriousness of the offense in Count 1 in the context of the series of sexual assaults. Therefore, the court properly considered the conduct that surrounded Count 1 and not extrinsic aggravating factors like the number of offenses. *Id.*; *see also Downs*, 2009 ME 3, ¶ 20, 962 A.2d 950.

[5] Merchant argues that the court erred when it failed to consider whether to impose consecutive sentences before moving on to the third step in the *Hewey* analysis on Count 1, contrary to our guidance in *State v. Stanislaw*, 2013 ME 43, 65 A.3d 1242. Because the court indicated that its intent to impose a period of supervised release on Count 3 shaped its determination in the third step of the *Hewey* analysis on Count 1, it had to impose consecutive sentences on Counts 1 and 3 to avoid an illegal split sentence on Count 1. *See* 17-A M.R.S. § 1881(2). Therefore, although not clearly

years' imprisonment on Count 1. This was a proper exercise of the court's discretion in following the sentencing procedure, and we discern no error.

[¶15] The same cannot be said, however, for the sentence imposed on Count 3. The court applied the same "general sentencing conclusions reached in arriving at the sentence in Count 1" to Count 3. It reasoned that Count 1 occurred over the course of one year and Count 3 occurred over the course of another year, and thus the same analysis on Count 1 would pertain to Count 3. Yet, while ostensibly relying on the same reasons articulated in its analysis on Count 1, the court then imposed a sentence of ten years' imprisonment with none of it suspended on Count 3. Consistent with its intent stated during the analysis on Count 1, the court did impose a ten-year period of supervised release, making the final sentence on Count 3 ten years' imprisonment followed by a ten-year period of supervised release.

[¶16] The court did not draw any distinction between the two primary counts of gross sexual assault that would explain the decision to impose twenty years' imprisonment on Count 1 but ten years' imprisonment on Count 3. It is logically inconsistent that the same *Hewey* analysis for the same criminal conduct committed by the same defendant would result in two different

---

articulated, the court in fact determined at the appropriate point in its sentencing analysis that the sentences would be consecutive.

sentences. We conclude that the court abused its sentencing power by imposing a sentence on Count 3 when it failed to conduct a separate *Hewey* analysis and provide a rationale that would explain the discrepancy between the sentences imposed on Counts 1 and 3. *See also Chase*, 2025 ME 90, ¶ 29, 345 A.3d 183 (conducting independent sentencing analyses on three primary counts of gross sexual assault before imposing a higher sentence on two of the three counts).[6]

[¶17] We remand this matter for resentencing consistent with our sentencing jurisprudence and in line with the procedure followed by the sentencing court in *Chase*.[7]

The entry is:

> Sentence vacated. Remanded for resentencing consistent with this opinion.

---

[6] On appeal, Merchant also argues that the court's unsuspended sentence of thirty years of incarceration is excessive and disproportionate, and therefore the sentence violates the Maine and United States Constitutions. Because the court will be required to resentence Merchant as a result of our opinion, we do not decide whether the existing sentence is disproportionate or excessive. *See State v. Cummings*, 2023 ME 35, ¶ 37, 295 A.3d 1227. We also note that the sentencing will occur before a different judge because the sentencing judge has since resigned.

[7] To be clear, upon remand the sentencing court may not impose a sentence which is more severe than the sentence that we have vacated. 15 M.R.S. § 2156(1-A) (2025); *see also State v. Murray-Burns*, 2023 ME 21, ¶ 20, 290 A.3d 542. Therefore, the sentence on Count 3 cannot be a consecutive sentence of twenty years' imprisonment.

John E. Baldacci, Jr., Esq. (orally), Steve Smith Trial Lawyers, Augusta, for appellant Keith Merchant

Michael H. Madigan, Esq. (orally), Asst. Dist. Atty., and Evan C. Toothaker, Stud. Atty., Kennebec County District Attorney's Office, Augusta, for appellee State of Maine

Somerset County Unified Criminal Docket docket number CR-2023-982
FOR CLERK REFERENCE ONLY